CITY OF LEWISTOWN, APPELLANT, *v.* WARR, RESPONDENT.

(No. 3,650.)

(Submitted March 30, 1916.   Decided May 8, 1916.)

[157 Pac. 954.]

*Cities and Towns—Improvement Districts—Faulty Description —Effect.*

Special Improvement Districts—Faulty Description—Effect.
   1.   By a resolution to create a special improvement district described as being bounded by certain lots, such lots were not incorporated in, but excluded from, the proposed district.
Same—Assessment—Description of District—Definiteness.
   2.   Proceedings for the imposition of a special improvement tax are *in invitum*, and before property can be held subject to the burden, it must be described with sufficient certainty that the owner ·cannot be misled; it being the intention of the statute that the resolution of intention shall contain a description of the proposed district by a line which marks its exterior boundaries.

*Appeal from District Court, Fergus County; Roy E. Ayers, Judge.*

Action by the City of Lewistown against A. W. Warr. Demurrer to complaint sustained and judgment of dismissal entered. Plaintiff appeals. Affirmed.

*Mr. I. B. Kirkland,* for Appellant, submitted a brief.

*Mr. O. W. Belden,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In 1909 a petition was presented to the city council of Lewistown for the creation of a special improvement district. A resolution of intention was adopted by the council which, among other things, provided: "Said special improvement boulevarding district hereby intended to be created is bounded as follows: On the northeast by lot 7 in block 11, lots 6 and 7 in block 15, and lots 6 and 7 in block 18 of Stafford Addition; on the northwest by lot 7 in block 11 and the southeast half of block 10 of Stafford Addition and the southeast corner of a certain piece or parcel of ground abutting on Eighth Avenue opposite lot 7 in block 10 of said Stafford Addition; on the southwest, by a certain piece or parcel of ground abutting on Eighth Avenue opposite lot 7 in block 10 of Stafford Addition and a certain piece or parcel of ground abutting on Eighth Avenue opposite block 16 of Stafford Addition and lying between Broadway Street and Main Street, and all that portion of that piece or parcel of ground abutting on Main Street, directly opposite to block 1 of Stafford Addition No. 1 and the northwest half and lots 1 and 12 of block 1 of Stafford Addition No. 1; on the southeast by the intersection of Janeaux Street with Seventh and Eighth Avenues, all in the city of Lewistown, Fergus County, Montana." Subsequently such proceedings were had that a tax payable in five annual installments was levied to defray the expense of the improvement. A. W. Warr, the owner of a portion of that parcel designated in the resolution of intention, as opposite block 16 of Stafford Addition, and block 1 of Stafford

Addition No. 1, failed or refused to pay the assessment sought to be levied against his property, and the city brought this action to enforce payment. The complaint by reference makes the resolution of intention a part of it. A general demurrer to the complaint was sustained, and the city, electing to stand on its pleading, suffered a judgment of dismissal to be entered against it and appealed.

But a single question is presented: Is defendant's property [1] included within the boundaries of the special improvement district as described in the resolution of intention? Or, in other words, does the district include the parcels of land by which it is bounded? For instance, the resolution recites that the district is bounded "on the northeast by lot 7 in block 11, lots 6 and 7 in block 15, and lots 6 and 7 in block 18 of Stafford Addition."

Does the resolution by that description incorporate those five lots into and make them a part of the district? To ask the question is to answer it. If the city really intended to include any of these parcels of ground in the proposed district, it could not have employed more apt language to defeat its own purpose. But even if the city's intention were manifest, that alone would not suffice. All proceedings which have for their ultimate object [2] the subjection of property to the imposition of a tax are *in invitum,* and before property can be held subject to the burden, it must be described with sufficient certainty that the owner cannot be misled. (37 Cyc. 1051.) The statute clearly contemplates that the resolution of intention shall contain the description of the district by a line which marks its exterior boundaries.

The resolution in question excludes defendant's property from the special improvement district, and the city cannot collect the tax which was sought to be imposed.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.